NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JESSE CASTILLO | : | |
|  | : | Civil Action No. 05-1073 (DRD) |
| Plaintiff, | : | |
| v. | : | |
|  | : | |
| ANNA STEPIEN, SCHUYLER SAVINGS BANK, SUSAN WOLENSKI, JOHN PLAUGIC, THOMAS SILKIE, DET. MCGARRY, JOHN JACK HILL, JAMES J. MURNER, JR., DAN DALY | : | **OPINION** |
| Defendants. | : | |

**Salas, United States Magistrate Judge**

Before this Court is an *in camera* review of certain internal affairs files submitted by the Township of Wayne under cover of a February 13, 2007 letter.

## BACKGROUND

On February 22, 2005, *pro se* Plaintiff Jesse Castillo ("Plaintiff") brought this action under 42 U.S.C. § 1983, alleging injuries arising out of his September 6, 2003 arrest. Pursuant to an April 8, 2005 Order entered by the Honorable Dickinson R. Debevoise, this Court: (1) permitted Plaintiff's claims against Officers Henry Ellis and Dan Daly, Jr. to proceed; (2) dismissed Plaintiff's claims against Defendants John Jack Hill, Esq. and James J. Murner, Esq. on the grounds that both were immune from said claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2), and; (3) dismissed Plaintiff's claims against defendants Anna Stepien, Schuyler Savings Bank, Susan Wolenski, John Plaugic, Thomas Silkie, Detective

McGarry, Stephen Siegel, and "Agent Critchley" for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§1915 (e)(2)(B)(ii). (Order, April 8, 2005, Docket Entry # 2). Thereafter, discovery proceeded along a contentious trajectory. (*See generally* Docket Report).

This Court has expended significant time and judicial resources resolving the barrage of discovery disputes that have arisen over the course of this litigation. The most recent undertaking, and perhaps the most significant, came in the form of a Letter Order entered on October 12, 2006. (Ltr. Order, October 12, 2006, Docket Entry # 65). There, the Court considered: (1) motions brought by Defendants Ellis and Daly to dismiss the complaint, with prejudice, on account of Plaintiff's failure to provide discovery; (2) Plaintiff's cross-motion for leave to file an amended complaint and to enforce a subpoena directed to non-party Township of Wayne. (*Id*.)

While acknowledging Plaintiff's disregard of Court imposed deadlines coupled with his failure to supply complete discovery responses, the Court did not grant the Defendants's respective motions to dismiss. (*See id*. at 5, "Plaintiff's non-compliance and failure to meet deadlines is noted by the court, but does not rise to the level of contumacious conduct."). Nevertheless, the Court did find "that a more appropriate sanction for Plaintiff's ongoing discovery failures is a preclusion order." (*Id*. at 5). Thus, the Court ordered Plaintiff to produce eight specific items by November 15, 2006[1]. (*Id*. at 6-8). In the event Plaintiff failed to produce said items, the Defendants were granted leave to move to preclude Plaintiff from introducing said

---

[1] Pursuant to a November 3, 2006 Letter Order, the Court granted Plaintiff's request to extend the November 15, 2006 deadline until December 1, 2006. (Ltr. Order, November 3, 2006, Docket Entry # 68).

items at trial.  (*Id*. at 8).

Next, the Court turned to Plaintiff's cross-motion to file an amended complaint. This cross-motion presented a renewed request.  Through a December 1, 2005 Letter Order, the Court granted Plaintiff's prior request for leave to move to file amended complaint.  (Ltr. Order, December 1, 2005, Docket Entry # 37).  Said Letter Order compelled Plaintiff to file an amended complaint by December 23, 2005.  (*Id*.).  Notwithstanding Plaintiff's failure to file his motion to amend complaint by December 23, 2005, the Court gave Plaintiff a second chance by permitting him to file "as soon as possible."  (Ltr. Order at 8, October 12, 2006).

Finally, the Court considered Plaintiff's contention that the Township of Wayne did not fully comply with a April 20, 2006 Letter Order.  (Ltr. Order at 8-9, October 12, 2006). The Court found that, "it [was] not clear from the [April 20, 2006 Letter Order] whether all IA files, as opposed to the IA files relating to this case, sought in the subpoena relating to Officers Ellis and Daly have been produced."  (*Id*. at 9).  The Court proceeded to spell out which internal affairs files were relevant, the deadline for the Township of Wayne to produce said files, and how the Township of Wayne should produce said files with:

> So that there is no confusion as to the scope of the production of documents, Wayne is ordered to submit for *in camera* review, if it has not done so already, all IA files for Officers Ellis and Daly that relate to claims of any excessive force, racial discrimination or unlawful search and seizure.  Such complaints are relevant to the civil rights violations alleged here.  Those documents shall be produced and bate-stamped no later than November 15, 2006.  As to personnel files, which contain personal information, the Court is satisfied that they are not relevant to the claims asserted here. Thus, they need not be produced for *in camera* review.

(*Id* at 9).

**DISCUSSION**

At the outset, this Court must emphasize that it will not consider relevance anew. This Court already determined that internal affairs files responsive to Plaintiff's *subpoena duces tecum* were relevant and not protected from disclosure. (Ltr. Order, April 20, 2006, Docket Entry # 52). Indeed, the October 12, 2006 Letter Order re-visits this issue to clarify the Court's prior holding. (Ltr. Order at 8-9, October 12, 2006). Notwithstanding the Court's unequivocal instruction to produce bate-stamped copies of the relevant – as defined in the October 12, 2006 Letter Order – internal affairs files by November 15, 2006, the Court received a package containing said files (without bate-stamping) on February 16, 2007.

Said package included a February 13, 2007 letter where the Township of Wayne explains, "the following documents, as ordered, are all Internal Affairs files (against both Officer Ellis and Officer Daly), relative [sic] to claims of excessive force, racial discrimination, and unlawful search and seizure." (Twp. of Wayne's Ltr. at 1, February 13, 2007). After listing the internal file numbers of the files enclosed, the February 13, 2007 letter proceeds with the imprecise[2] contention that the October 12, 2006 Letter Order reflected this Court's disposition of the Township of Wayne's motion to quash. (*Id.* at 2). Finally, said letter closes with, "I still maintain the position set forth in my motion and respectfully request that the Court consider the

---

[2] Judge Arleo's October 12, 2006 Letter Order was not – as the Township of Wayne claims – this Court's disposition of the Township of Wayne's motion to quash. (Twp. of Wayne's Ltr. at 2, February 13, 2007). Said motion to quash was denied vis-a-vis an April 20, 2006 Letter Order entered by then-Magistrate Judge Wigenton. (Ltr. Order, April 20, 2006, Docket Entry # 52). The October 12, 2006 Letter Order clarified the scope of this prior Letter Order.

Township's position during its *in camera* review, and the [sic] grant the Township's position not to release any of the attached documents to plaintiff." (*Id.*)

The Township of Wayne's "position set forth in [its] motion" is ostensibly a reference to its submission in support of its motion to quash. (Twp. of Wayne's Mot. to Quash, November 28, 2005, Docket Entry # 36). There, the Township of Wayne argues that Plaintiff's request was "overly broad, unduly vague and is made solely to overburden the Township of Wayne." (*Id.* at 8). The Township of Wayne further contends that, "it should not be the Township's obligation to identify all files and then propose an objection to each particular file it wishes to take exception to." (*Id.* at 9). Thereafter, the Township of Wayne proceeds with a "Legal Argument" section that includes a discussion of the New Jersey Court Rule 4:10-2 and certain Appellate Division cases interpreting it. (*Id.* at 10-13). Finally, the Township of Wayne closes with an oblique reference to the work-product privilege before asserting "Mr. Castillo's Subpoena would require Township employees to violate various privileges." (*Id.* at 12).

This reasoning reflects an erroneous understanding of applicable substantive law. Pursuant to Federal Rule of Evidence 501, federal common law – as opposed to the law of the State of New Jersey – governs the Township of Wayne's assertion of privilege in the context of an action brought pursuant to 42 U.S.C. § 1983. *Torres v. Kuzniasz*, 936 F.Supp. 1201, 1208-09 (D.N.J. 1996) (federal common law of privileges applies in federal question cases and in cases that include federal question claims and pendent state law claims). While state authorities may inform the analysis, federal common law ultimately controls. *D'Oench, Duhme & Co. v. Federal Deposit Insur. Corp.*, 315 U.S. 447, 471, 62 S.Ct. 676, 685-86, 86 L.Ed. 956 (1942) (Jackson, J., concurring) ("[The Court] may see fit for special reasons to give the law of a particular state

highly persuasive or even controlling effect, but in the last analysis its decision turns upon the law of the United States, not that of any state"). Thus, the Court is puzzled by the Township of Wayne's decision to cite state authorities to the exclusion of federal authorities.

Clearly, the Township of Wayne's general discussion of state authorities is insufficient to prompt an *in camera* review. As then-Magistrate Judge Kugler stated in *Torres*, "the Third Circuit has rejected 'broadside invocation of privilege' which fail to 'designate with particularity the specific documents or file to which the claim of privilege applies.'" *Torres*, 936 F.Supp. at 1208-09 (quoting *United States v. O'Neill*, 619 F.2d 222, 225 (3d Cir. 1980)). Federal common law compels the Township of Wayne to do more than simply forward photocopies of internal affairs files along with a general discussion of the New Jersey Court Rules and Appellate Division decisions. *See King v. Conde*, 121 F.R.D. 180, 189 (E.D.N.Y. 1988) ("[I]n order to assert a claim of privilege against disclosure of police materials to a plaintiff raising civil rights claims against a police defendant, the officers or police department must do more than alert the court to the state privilege law or the generalized policies that support it"). Rather, the Township of Wayne must identify a privilege recognized in federal court and demonstrate the precise manner is which it applies to protect the documents within the internal affairs files from disclosure. *G-69 v. Degnan*, 130 F.R.D. 326, 331 (D.N.J. 1990).

Thus, federal common law cannot countenance the Township of Wayne's position that, "it should not be the Township's obligation to identify all files and then propose an objection to each particular file it wish to take exception to." (*Id*. at 9). Implicit in this argument is an assumption that this Court will review each document identified as relevant and determine – in the first instance – which privilege the Township of Wayne may assert with respect that

document and whether or not the privilege applies to protect all or part of the document from disclosure. This Court cannot and will not assume such an extensive role in conducting an *in camera* review. *See Torres*, 936 F.Supp. at 1213 ("The purpose of the rules governing assertion of privileges is, in part, to avoid having the court expend its resources in reviewing every document that every defendant claims is privileged. The burden properly falls upon the party claiming privilege").

Mindful of the public policy concerns with widespread dissemination of internal affairs files, the Court will grant the Township of Wayne leave to move for a protective order pursuant to Federal Rule of Civil Procedure 26(c). *See Torres*, 936 F.Supp. at 1213 ("The court understands the city and state policy concerns underlying the confidentiality of Internal Affairs documents"). The Court will consider said motion before entering an Order compelling the Township of Wayne to produce the internal affairs files to Plaintiff. An Order will issue forthwith, setting forth – amongst other things – a briefing schedule for said motion.

## CONCLUSION

For the reasons set forth above, the Township of Wayne must produce the internal affairs files recently submitted to this Court for *in camera* review to Plaintiff. The Court will enter an appropriate Order compelling said production after considering the Township of Wayne's motion for entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c).

Dated: June 25, 2007                    s/ Esther Salas
                                                     Esther Salas
                                                     UNITED STATES MAGISTRATE JUDGE